State v. Chapman

---

STATE OF NORTH CAROLINA v. BOB T. CHAPMAN

No. 7426SC1038

(Filed 21 May 1975)

Constitutional Law § 31— opportunity to prepare for trial — trial same day indictment returned

    Defendant was denied the opportunity fairly to prepare and present his defense to a charge of corporate malfeasance where defendant had been awaiting trial on an indictment for embezzlement for two years, an indictment was returned charging defendant with corporate malfeasance and trial on that charge was held the same day, the court denied defendant's motion for continuance, the State's evidence would have been insufficient to support an embezzlement conviction, the case involved complicated bookkeeping entries over a long period of time, and a defense to the corporate malfeasance charge would have been different than a defense to the embezzlement charge.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 6 August 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 February 1975.

On 7 August 1972 defendant was indicted for embezzlement of funds allegedly entrusted to him by his employer.

On 5 August 1974 a bill of indictment was returned charging defendant with corporate malfeasance in violation of G.S.

State v. Chapman

14-254. The case was called for trial on that day. Defendant's counsel moved for continuance on the ground that neither he nor his client was prepared for trial on the new charge. The motion was overruled. Trial followed immediately. Judgment imposing a prison sentence was entered.

Attorney General Edmisten, by Assistant Attorney General Norman L. Sloan, for the State.

Childers & Fowler, by Henry L. Fowler, Jr., and Frank P. Cooke, for defendant appellant.

VAUGHN, Judge.

The constitutional right of confrontation includes the "opportunity fairly to prepare and present one's defense." State v. Smathers, No. 112 (N. C. Sup. Ct., filed 6 April 1975).

The gist of the offense for which defendant (a truck driver) was tried under G.S. 14-254 was his participation in a scheme whereby another employee altered and made false entries in certain records of the company to the end that some of defendant's payroll checks were for a greater amount than he was entitled to receive. There was no evidence that defendant altered any record or turned in false reports. The evidence was that he aided and abetted the other employee in doing so. The evidence was that a number of false entries were made over a considerable period of time. The State used an accountant who had audited certain records of the company, supervising employees and the other offending employee to make out its case. The only evidence from defendant was his testimony to the effect that he knew that he had been overpaid several times, that mistakes in the payments made to drivers were not infrequent and that he had followed established procedures in reporting the overage.

The State's case, among other things, involved reasonably complicated bookkeeping entries made over a long period of time. Defendant may not be able to prepare a defense to refute the State's evidence. It is clear, nevertheless, that by being forced to trial on the very day of the indictment he did not have the opportunity to prepare any defense except a bare denial of the accusation. The right to prepare for trial does not "involve the merits of the defense he may be able to produce." State v. Smathers, supra. The trial judge appears to have made his decision to deny the continuance because defendant had been awaiting trial for almost two years on the embezzlement charge

and the State was to use the same evidence that it would have used on trial of the embezzlement charge.

The point is, however, that the State's evidence would not have permitted the case to go to the jury on the embezzlement charge. Defendant was prepared to defend on that charge and his defense was a simple one. He knew the State could not show a misappropriation of any property *entrusted* to him by his employer. Consequently, as counsel attempted to explain to the judge, he had not made any other preparations for trial.

Under the circumstances disclosed by the record we hold that the defendant was not given an opportunity fairly to prepare and present his defense. We need not, therefore, review the other matters assigned as error.

The judgment is vacated and a new trial is ordered.

New trial.

Chief Judge BROCK and Judge MARTIN concur.